FILED
November 05, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003055203

**3**

RANDALL P. MROCZYNSKI (State Bar No. 156784)
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone: (714) 431-1100
Facsimile: (714) 431-1119

Attorneys for Secured Creditor
DCFS USA LLC Successor To
DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re<br><br>IRON INDUSTRIES, INC.,<br><br>Debtor.<br><br>DCFS USA LLC Successor To DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC,<br><br>Movant,<br><br>v.<br><br>IRON INDUSTRIES, INC.,<br><br>Respondents. | Case No.: 10-61192<br><br>DC NO. RPM-1<br><br>Chapter 11<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO LOCAL RULE 4001-1 AND 9014-1(f)(1)<br><br><u>Hearing Date and Time:</u><br><br>Date: December 16, 2010<br>Time: 1:30 p.m.<br>Dept: A<br>Ctrm.: 11<br>Floor: 5 |

    Movant, DCFS USA LLC Successor To DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC, ("DCFS") hereby submits this Memorandum of Points and Authorities in support of its Motion for Relief from the Automatic Stay Pursuant to Local Rules 4001-1 and 9014-1(f)(1). Capitalized terms in this Points and Authorities shall have the same meaning as in DCFS's Motion for Relief from the Automatic Stay.

11 U.S.C. § 362(d) states in pertinent part:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) With respect to a stay of an act against property under subsection (a) of this section, if –

(A) The debtor does not have an equity in such property; and

(B) Such property is not necessary to an effective reorganization; . . .

11 U.S.C. § 362(g) states:

"In any hearing under Subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section –

(1) The party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) The party opposing such relief has the burden of proof on all other issues."

In this case, the Debtor is in default for the Contract payments coming due June 7 through October 7, 2010, respectively, each in the amount of $4,142.65. The total indebtedness owed to DCFS is $89,021.83. The aggregate value of the Collateral is $84,500.00.

DCFS is not adequately protected. There is no equity cushion to protect DCFS. The Debtor is in default under the Contract and has not provided adequate protection to DCFS. Debtor has not provided DCFS with proof that the Collateral is insured. There is no equity in the Collateral for the benefit of the estate.

///
///
///
///
///
///
///

BASED ON THE FOREGOING, cause exists to terminate the Automatic Stay pursuant to 11 U.S.C. §§ 362 (d)(1) and (d)(2).

DATED: November 4, 2010

Respectfully submitted,

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: /s/ Randall P. Mroczynski
Randall P. Mroczynski, Esq.
Attorneys for Secured Creditor,
DCFS USA LLC Successor To
DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS, LLC