**4**

HAGOP T. BEDOYAN, CSB NO. 131285
CHRISTIAN JINKERSON, CSB NO. 232143
KLEIN, DENATALE, GOLDNER,
   COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Email: hbedoyan@kleinlaw.com; ijinkerson@klienlaw.com

Attorneys for Debtors-In-Possession

FILED
November 29, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003104456

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>IRON INDUSTRIES, INC.,<br><br>       Debtor-In-Possession. | Case No. 10-61192-A-11<br>Jointly Administered with<br>Case No. 10-61196-A-11<br><br>Chapter 11<br><br>DC No. KDG-1 |
| In re:<br><br>ACTION EQUIPMENT RENTALS, A GENERAL PARTNERSHIP,<br><br>       Debtor-In-Possession. | <u>CONTINUED HEARING</u><br><br>Date:    December 1, 2010<br>Time:   1:30 p.m.<br>Place:  U.S. Bankruptcy Court<br>           2500 Tulare Street, Dept. A<br>           Courtroom 11, Fifth Floor<br>           Fresno, California<br>Judge:  Honorable Whitney Rimel |

**REPLY TO OBJECTION BY PNC EQUIPMENT FINANCE TO MOTION BY DEBTORS FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND <u>PAYMENT OF ADEQUATE PROTECTION</u>**

TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE:

      IRON INDUSTRIES, INC. ("Iron") and ACTION EQUIPMENT RENTALS ("Action") (collectively, the "Debtors") respectfully submit the following reply to the objection of PNC Equipment Finance, Inc. ("PNC") to their Motion for Order Authorizing Use of Cash Collateral and Payment of Adequate Protection ("Motion").

3338902                                         1

This reply is based on the points and authorities herein, the Declaration of Scott McCoy ("McCoy Declaration"), and the evidence and information the Debtors' have already submitted in the record.

## I. INTRODUCTION

In summary, PNC objects to the Debtors' adequate protection payments proposed in the Motion on the basis that the value of the equipment in which PNC a has security interests (the "Equipment") is higher than the Debtors' valuation. PNC's objection is misguided as it does not differentiate between the value of only the equipment that the Debtors are retaining (the "Retained Equipment"), and the value of all of the Equipment.

The Debtors' methodology for determining the adequate protection payments to the creditors is as follows. First, the Debtors principals valued all of the Equipment based on their knowledge of the condition of the equipment and the current market for buying and selling equipment. Second, the Debtors calculated the total value the for purposes of adequate protection payments based on the items of Retained Equipment. Third, the Debtors determined the amount of the adequate protection payments based on the fair market value of the Retained Equipment, fully amortized over 5 years at 8% interest.

As the McCoy Declaration makes clear, the Debtors' opinion regarding the value of the Equipment is based on the first-hand knowledge of Mr. McCoy regarding the condition of the Equipment, and Mr. McCoy's in-depth knowledge of the market for buying and selling construction equipment. Mr. McCoy is an owner and manager of Action and therefore his opinion of value is admissible evidence under Federal Rule of Evidence 701. Mr. McCoy has 22 years of experience in the construction equipment industry and manages Action's fleet of equipment and therefore may qualify as an expert as to the value of the Equipment under Federal Rule of Evidence 702.

## II. POINTS AND AUTHORITIES

**A. The Debtors' Proposed Adequate Protection Payments to PNC Are Sufficient and Fair.**

Page 11 of Exhibit "A" to the McCoy Declaration lists the Equipment that is subject to

PNC's security interest, and the market value of said equipment. PNC simply took the total value that was listed in the Debtors' schedules, which do not account for the fact that the Debtors are not retaining all of the equipment listed in the schedules. The Debtors' appraise the total value of the Equipment that the Debtors' are retaining at $69,500. The Debtors are not retaining equipment with an approximate total value of $100,000.

The Debtors determined the appropriate adequate protection payment by taking the retained value amount and amortizing it over five (5) years at 8%. Notably, the Debtors adequate protection payments provide for principal and interest, as opposed to interest only. In addition, the Debtors provide for an 8% rate of interest, which is very generous in light of current interest rates. The Debtors could arguably pay a much lower rate of interest based on prevailing current interest rates.

Therefore, the Debtors' adequate protection payments are sufficient and fair.

**B.     The Debtors' Proposed Adequate Protection Payments are Supported by Applicable Law.**

The Debtors' are providing adequate protection as that concept is broadly defined under 11 U.S.C. § 361 and 11 U.S.C. § 363.

The Ninth Circuit Bankruptcy Appellate Panel (the "BAP"), sitting *en banc*, recently ruled on the issue of adequate protection under 11 U.S.C. § 361 and 11 U.S.C. § 363 in the case of In re Big3D, Case No. BAP EC-09-1292 (2010). The BAP decision stemmed from a case in the Fresno Division of the United States Bankruptcy Court. The BAP extensively analyzed the issues of when to value collateral for purposes of adequate protection payments, when payments are to commence, and the scope of the Bankruptcy Court's discretion in determining the amount of the adequate protection payments. After exhaustively analyzing the Bankruptcy Code and the applicable case law, BAP concluded that the bankruptcy court has "broad discretion in deciding if adequate protection payments are required and if so, the amounts and timing of such payments." In reaching its decision in Big3d, the BAP upheld its previous ruling in Paccom Leasing Corp. v. Deico Elects., Inc. (In re Deico Elects., Inc.), 139 B.R. 945 (9th Cir. BAP 1992).

Based on the above, the Debtors are providing adequate protection to their secured creditors and request an order authorizing the continued use of cash collateral so they may continue to operate and reorganize.

### III. CONCLUSION

Based on the foregoing, the Debtors request that their Motion be granted.

Date: November 29, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By: _____
HAGOP T. BEDOYAN, ESQ.
CHRISTIAN D. JINKERSON, ESQ.
Attorneys for Debtors-in-Possession