FILED
December 02, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003115232

6
HAGOP T. BEDOYAN, CSB NO. 131285
CHRISTIAN D. JINKERSON, CSB NO. 232143
KLEIN, DENATALE, GOLDNER,
   COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Emails: hbedoyan@kleinlaw.com; ijinkerson@kleinlaw.com

Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>IRON INDUSTRIES, INC.,<br><br>Debtor-In-Possession. | Case No. 10-61192-A-11<br>Jointly Administered with<br>Case No. 10-61196-A-11<br><br>Chapter 11<br><br>**DC No. KDG-11** |
| In re:<br><br>ACTION EQUIPMENT RENTALS, A GENERAL PARTNERSHIP,<br><br>Debtor-In-Possession. | Date:   December 16, 2010<br>Time:  1:30 p.m.<br>Place:  U.S. Bankruptcy Court<br>          2500 Tulare Street, Dept. A<br>          Courtroom 11, Fifth Floor<br>          Fresno, California<br>Judge:  Honorable Whitney Rimel |

**MOTION FOR ORDER AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365 AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS**[1]

Iron Industries, Inc. ("Iron") and Action Equipment Rentals ("Action"), the debtors and debtors in possession (the "Debtors") respectfully submit the following MOTION FOR ORDER AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365 AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS (the "Motion"). The Motion is based

---

[1] By filing this Motion, the Debtors do not admit that the contracts described herein are true leases. The Debtors file this Motion out of an abundance of caution and to avoid litigation regarding whether the contracts are true leases.

on the memorandum of points and authorities below, the DECLARATION OF ROBERT MOFFITT IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365 AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS (the "Moffitt Declaration") filed concurrently herewith and by this reference incorporated herein, and such other evidence as may be submitted orally or in writing to the Court at or before the hearing on the Motion.

## I. INTRODUCTION

1. On September 28, 2010 (the "Petition Date"), the Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief sought herein is 11 U.S.C. §§ 365 and 554. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is in compliance with Federal Rule of Bankruptcy Procedure ("Rule") 6006(f), which permits motions to reject multiple executory contracts in one motion.

## II. RELIEF REQUESTED

4. Prior to the Petition Date, the Debtors entered into contracts with Sacramento Leasing, Inc. ("SLI") for certain items of equipment (the "Equipment"). The Debtors have determined the contracts more particularly described on Exhibit "A" attached hereto (the "Executory Contracts") are unnecessary to the continued operation of the Debtors' businesses, have no value to the estates, and should be rejected. The Motion therefore seeks authority from the Bankruptcy Court to (i) reject the Executory Contracts, effective upon the Petition Date and (ii) to establish a bar date for rejection claims.

## III. FACTUAL BACKGROUND

5. A detailed discussion of the Debtors' histories, description of their businesses, their assets and liabilities, and the events that led to the need for bankruptcy relief are set forth

in the Debtors' MOTION TO USE CASH COLLATERAL filed on October 1, 2010 and incorporated herein by reference.

6. The Debtors intend to reject Contract Number 00020072440 dated February 7, 2008 between SLI and Iron Industries, Inc. for a 2008 Ford F-350. A true and correct copy of Contract Number 00020072440 is attached as Exhibit "1" to the Exhibits document filed concurrently herewith.

7. The Debtors intend to reject Contract Number 0020072597 dated September 16, 2009 between SLI and Action Equipment Rentals for a HBS IT 3002 Inverter and associated equipment. A true and correct copy of Contract Number 00020072597 is attached as Exhibit "2" to the Exhibits document filed concurrently herewith.

8. The Debtors intend to reject Contract Number 0020072610 dated December 1, 2009 for four CF2HO Vibratory Plate Compactors and six Weber SRV-62 Upright Tampers. A true and correct copy of Contract Number 00020072610 is attached as Exhibit "3" to the Exhibits document filed concurrently herewith.

9. The Debtors intend to reject Contract Number 0020072611 dated December 1, 2009 for Concrete Finish Machines and Generators (the "Executory Contracts"). A true and correct copy of Contract Number 00020072611 is attached as Exhibit "4" to the Exhibits document filed concurrently herewith.

10. The Debtors no longer need the Equipment and the identified Executory Contracts and want to minimize the impact of administrative costs on the bankruptcy estates. The aggregate cost of the Executory Contracts is approximately $3,000 per month for the Equipment Debtors seek to reject. To minimize administrative costs, the Debtors seek to reject the Executory Contracts, effective as of the Petition Date.

11. Bankruptcy Code section 365(a) permits the Debtors to reject an executory contract subject to the approval of the Bankruptcy Court. In order to reject an executory contract, the Debtors need only demonstrate that after the reasonable exercise of their business judgment, the bankruptcy estates would receive a net benefit from the rejection of the contract.

12. Rejecting the Executory Contracts is important to minimize the Debtors' costs.

The Debtors believe that the Executory Contracts have no value to the bankruptcy estates and immediate rejection is in the best interest of the estates.

## IV. POINTS AND AUTHORITIES

13. The Debtors hereby move to reject the Executory Contracts under § 365(a) of the Bankruptcy Code effective upon the Petition Date. Section 365(a) permits a trustee, including a debtor in possession pursuant to 11 U.S.C. § 1107(a), to reject an executory contract subject to the bankruptcy court's approval. *Robertson v. Pierce (In re Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982); see also, *In re Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

### A. The Rejection of the Executory Contracts is Within the Debtors' Sound Business Judgment and is in the Best Interest of the Bankruptcy Estates.

14. It is a well-established rule that a debtor-in-possession may reject an executory contract in Chapter 11 proceedings if, in the sound exercise of business judgment, the estate would benefit from not having to perform the debtor's contractual obligations. *Richmond Leasing Co. v Capital Bank*, NA, 762 F.2d. 1303, 1309 (5th Cir. 1985); *In re Huang*, supra, 23 B.R. at 800; *In re Orion Pictures Corp.*, 4 F.3d at 1099. In other words, the question of whether an executory contract can be rejected or on what terms it can be assumed is one of business judgment. *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul and Pacific R. Co.*, 318 U.S. 523, 550 (1943), reh'g denied, *Group of Institutional Investors v. Abrams*, 318 U.S. 803 (1943). Rejection of an executory contract is particularly critical because it permits the bankruptcy estate to free itself from burdensome obligations that do not promote a successful reorganization of the Debtor. *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188, 1997 (1984); see also, *In re Rega Properties, Ltd.*, 894 F.2d 1136, 1140 (9th Cir. 1990).

15. The Ninth Circuit Bankruptcy Appellate Panel in *Huang* explained that the standard by which to determine whether the debtor-in-possession has exercised its business judgment in rejecting or assuming an executory contract under § 365(a) is whether the rejection

would benefit the general unsecured creditors. *Huang*, 23 B.R. at 801.

16. The Debtors have determined that there is no value to be realized from the Executory Contracts. As such, the Executory Contracts will create a burden to the estates and will deprive the estates of funds that could be allocated more efficiently. By rejecting the Executory Contracts, the Debtors will avoid the incurrence of unnecessary administrative expense to the estates.

## V. ESTABLISHING CLAIMS BAR DATE

17. The Debtors request that this Court, pursuant to Rule 3002(c)(4), establish January 24, 2011 as the claims bar date for claims arising from rejection of the Executory Contracts. This is the same date as the bar date set for all general, unsecured, nongovernmental claims.

WHEREFORE, the Debtors respectfully request that the Court enter an order:

1. Granting the Motion and approving the rejection of the Executory Contracts;

2. Setting a claims bar date for claims arising from rejection of the Executory Contracts of January 24, 2011; and

3. For such other and further relief as this Court deems just and proper.

Dated: December 2, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB, & KIMBALL, LLP

By: _____
HAGOP T. BEDOYAN
CHRISTIAN D. JINKERSON,
Attorneys for Debtor-in-Possession

## EXHIBIT A

| Lessor | Contract No. & Date | Equipment |
|---|---|---|
| Sacramento Leasing, Inc. | Contract No. 000200072440<br>Date: February 7, 2008 | 2008 Ford F-350 |
| Sacramento Leasing, Inc. | Contract No. 0020072597<br>Date: September 16, 2009 | HBS IT 3002 Inverter w/HD Gun Wire 480V; 2 x HD GRD Clamp; 3 x Amphenol Gun Lead |
| Sacramento Leasing, Inc. | Contract No. 0020072610<br>Dated: December 1, 2009 | 4 x CF2HO Vibratory Plate Compactor; 6 x Weber SRV-62 Upright Tamper/Ramer |
| Sacramento Leasing, Inc. | Contract No. 0020072611<br>Dated: December 1, 2009 | 2 x Bartell Concrete Finish Machines; 6 x TPG3-6000HDX Generators; 4 x EPT3-80HA Generators; 4 x EPT3 -50HA Generators; 2 x HS2.4S-6S Generators |