FILED

July 27, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003662400

**5**

1  HAGOP T. BEDOYAN, CSB NO. 131285
  CHRISTIAN JINKERSON, CSB NO. 232143
2  KLEIN, DENATALE, GOLDNER,
    COOPER, ROSENLIEB & KIMBALL, LLP
3  5260 N. Palm Avenue, Suite 201
  Fresno, California 93704
4  Telephone: (559) 438-4374
  Facsimile: (559) 432-1847
5  Email: hbedoyan@kleinlaw.com; ijinkerson@klienlaw.com

6  Attorneys for Debtors in Possession

7

8                    UNITED STATES BANKRUPTCY COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  In re:                                    Case No.  10-61192-A-11
                                            Jointly Administered with
12  IRON INDUSTRIES, INC.,                   Case No. 10-61196-A-11

13          Debtor-In-Possession.            Chapter  11

14                                           DC No.  KDG-55

15  In re:                                   Date:    August 17, 2011
                                            Time:    1:30 p.m.
16  ACTION EQUIPMENT RENTALS, A              Place:   United States Bankruptcy Court
   GENERAL PARTNERSHIP,                               2500 Tulare Street, Fifth Floor
17                                                    Department A, Courtroom 11
                                                     Fresno, California
18          Debtor-In-Possession.            Judge:   Honorable Whitney Rimel

19
    **FOURTH MOTION BY DEBTORS FOR ORDER AUTHORIZING USE OF CASH**
20       **COLLATERAL AND PAYMENT OF ADEQUATE PROTECTION**

21  TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE:

22         IRON INDUSTRIES, INC. ("Iron") and ACTION EQUIPMENT RENTALS

23  ("Action") (collectively "Debtors") move the Bankruptcy Court for an order authorizing use of

24  cash collateral and payment of adequate protection, and represent as follows:

25         1.     Debtors filed Voluntary Petitions Under Chapter 11 of the Code on September

26  28, 2010 ("Petition Date").  Iron is a California corporation specializing in metal building

27  erection and is owned by two shareholders, Charles Emanuel and Robert Moffitt.

28

---

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

3524730.DOC                           1

1  Action is a California general partnership formed in late 2005 by Ron Silveira, Charles

2  Emanuel, Scott McCoy, and Robert Moffitt. Action is one of Central California's largest

3  independently owned rental companies, and rents and sells a full line of quality, well-

4  maintained equipment, from hand tools to heavy equipment.

5        2.    Debtors filed a *Motion For Order Directing Joint Administration of Chapter 11*

6  *Cases Filed by Iron Industries, Inc., and Action Equipment Rentals, A General Partnership* on

7  October 14, 2010. The Court granted the motion and entered an order directing joint

8  administration of the cases on November 7, 2010.

9        3.    Debtors require the use of cash collateral, consisting of bank deposits on hand

10  and business receivables ("Cash Collateral"), to operate their businesses and pay expenses as

11  more particularly described in the Declaration of Robert Moffitt filed concurrently herewith.

12  Debtors have no other source of income at this time and, without the continued use of the Cash

13  Collateral, could not continue to operate. Thus, the use of the Cash Collateral is critical to

14  Debtors' continued operations while they reorganize and propose a Plan of Reorganization.

15        4.    Debtors have authority to use Cash Collateral through August 30, 2011 pursuant

16  to a *Final Order Authorizing Use of Cash Collateral* entered on May 24, 2011 ("Final Order").

17  Numerous creditors assert a perfected security interest in the Cash Collateral as described in the

18  *Motion by Debtors for Order Authorizing Use of Cash Collateral and Payment of Adequate*

19  *Protection* filed October 1, 2010 as KDG-1 ("the First Cash Collateral Motion"), and the

20  exhibits and other documents filed in support of the First Cash Collateral Motion.

21        5.    Debtors have been working with their creditors since the Petition Date to return

22  and/or surrender non-essential equipment in an effort to reduce the expense associated with

23  maintaining the equipment and the cost of creditors having to file motions seeking relief from

24  the automatic stay. The final order authorizing use of cash collateral entered relating to the

25  First Cash Collateral Motion provided that relief from stay is granted to all secured creditors

26  and/or lessors whose collateral is described as "Non-Keepers" in the schedule attached to the

27  *Exhibits in Support of Fourth Motion by Debtors for Order Authorizing Use of Cash Collateral*

28  *and Payment of Adequate Protection* ("Exhibits") as Exhibit "A".

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

6.    A debtor should be permitted to use cash collateral where the debtor provides a secured creditor with adequate protection of the secured creditor's interest.  11 U.S.C. § 363(c)(2)(B) & (e); *In re Inforex, Inc.*, 10 B.R. 497, 498 (Bankr. Mass. 1979).  This is true because a debtor attempting to rehabilitate a business has a compelling need to use cash collateral in its effort to reorganize.  *In re George Ruggieve Chrysler Plymouth*, 727 F.2d 1017, 1019 (11th Cir. 1984).  Without the availability of cash to meet daily operating expenses such as rent, payroll, and utilities, the congressional policy favoring rehabilitation over economic failure would be frustrated.  *Id.*

7.    Adequate protection is not defined in the Bankruptcy Code.  However, a determination of the value of the interest held by a secured creditor and a determination of whether a proposed use of cash collateral threatens that value must be made in determining whether a secured creditor's interest is adequately protected.  *In re George Ruggieve Chrysler Plymouth, supra*, at 1019; *In re Karl a Neise, Inc.*, 16 B.R. 600, 601 (Bankr. S.D. Fla. 1981).  Additionally, the value of a security interest for purposes of determining "adequate protection" is the amount of the secured claim or the value of the collateral.  *In re George Ruggieve Chrysler Plymouth, supra*, at 1019.  See also *LaJolla Mortg. Fund vs. Rancho El Cajon, Inc.*, 18 B.R. 283, 286 (Bankr. S.D. Cal. 1982) and 11 U.S.C. § 506(a).

8.    Debtors offer the Secured Creditors several forms of adequate protection.  First, Debtors have allocated funds in their budget to make adequate protection payments to Secured Creditors on a monthly basis in the amount of $73,152.48 pending the confirmation of a Plan of Reorganization as described in the Exhibit's as Exhibit "B".  The adequate protection payments are calculated based on the market value of the equipment to be retained or the current balance owed to the creditor, whichever is lower, with interest accruing at the rate of 8% per annum, and fully amortized over 5 years.

9.    Second, Debtors offer the Secured Creditors replacement liens on personal property to the same extent and priority of their respective pre-petition liens, without conceding the attachment, validity or extent of any such liens.

10.    Debtors seek to use Cash Collateral consistent with the budgets attached to the

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1    Exhibits as Exhibit "C" ("the Budgets").  The Budgets include, the period from September 1,

2    2011 through December 31, 2011, and contain separate and combined budgets for Iron and

3    Action.

4        11.    Debtors anticipate their combined income will total approximately

5    $5,125,801.00 for the period including September 1, 2011 through December 31, 2011.

6    Debtors seek to use about $4,751,518.00 during this period to meet its expenses over that

7    period—which includes adequate protection payments to Secured Creditors of $295,652.00.

8        12.    The beginning cash balance used for the September through December in the

9    Budget reflects the ending August 2011 balance in the current cash collateral budget approved

10    by the Court pursuant to the Final Order, adjusted for the actual balance on hand as of July 1,

11    2011.

12        13.    It should be noted, that Action and Iron have made adequate protection

13    payments to secured creditors totaling approximately $742,677.00 from October 2010 through

14    July 2011, of which approximately $513,716.00 represents the equivalent of principal payments

15    on secured obligations.

16        14.    The expenses identified in the Budgets such as payroll and insurance, taxes,

17    utilities, maintenance and repairs, and the proposed adequate protection payments listed are

18    reasonable and critical to Debtors' operations.  Debtors request that they be authorized to use

19    Cash Collateral in the amounts noted in the Budgets, with a ten percent variance, pending the

20    final hearing, and that a final hearing be set as soon as possible on the Court's next available

21    calendar.

22        WHEREFORE, Debtors pray for an order as follows:

23        1.    Granting the *Fourth Motion for Order Authorizing Use of Cash Collateral and*

24            *Payment of Adequate Protection* on an interim basis;

25        2.    Authorizing the continued use Cash Collateral in the amounts set forth in the

26            Budgets attached to the Exhibits pending a final hearing on the Motion with an

27            allowed ten percent variance;

28        3.    Authorizing Debtors to make adequate protection to Secured as described in the

1          Budgets;

2      4.      granting Secured Creditors adequate protection as set forth herein in the form of

3          replacement liens; and

4      5.      For such other relief as the court deems just and proper.

5

6     Date: July 27, 2011              KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

7

8                    By /s/ *Christian Jinkerson*

9                    Hagop T. Bedoyan
Christian Jinkerson,
Attorneys for Debtors-in-Possession

10

*Left margin vertical text:* KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP — 4550 CALIFORNIA AVENUE, SECOND FLOOR — BAKERSFIELD, CALIFORNIA 93309

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3524730.DOC           5