**13**

HAGOP T. BEDOYAN, CSB NO. 131285
CHRISTIAN D. JINKERSON, CSB NO. 232143
KLEIN, DENATALE, GOLDNER,
   COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93504
Telephone: (559) 438-4354
Facsimile: (559) 432-1847
E-Mail: hbedoyan@kleinlaw.com; ijinkerson@kleinlaw.com

Attorneys for Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| In re:<br><br>IRON INDUSTRIES, INC.,<br><br>Debtor-In-Possession.<br><br>In re:<br><br>ACTION EQUIPMENT RENTALS, A GENERAL PARTNERSHIP,<br><br>Debtor-In-Possession. | Case No. 10-61192-A-11<br>Jointly Administered with<br>Case No. 10-61196-A-11<br><br>Chapter 11<br><br>DC No. KDG-45<br><br>Date: November 9, 2011<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>       2500 Tulare Street, Fifth Floor<br>       Department A, Courtroom 11<br>       Fresno, California<br>Judge: Honorable Whitney Rimel |
|---|---|

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF SECOND MODIFIED JOINT PLAN OF REORGANIZATION FOR IRON INDUSTRIES, INC. AND ACTION EQUIPMENT RENTALS DATED SEPTEMBER 21, 2011**

IRON INDUSTRIES, INC. ("Iron") and ACTION EQUIPMENT RENTALS ("Action") (collectively, the "Debtors") submits the following memorandum of points and authorities in support of confirmation of its *Second Modified Joint Plan of Reorganization For Iron Industries and Action Equipment Rentals Dated September 21, 2011* with modifications described herein:

///

///

35W2791

1

# I. INTRODUCTION

Debtors served the *Second Modified Joint Disclosure Statement For Iron Industries, Inc. and Action Equipment Rentals in Connection with Debtors' Joint Plan of Reorganization Dated August 19, 2011*("the Disclosure Statement") and the *Second Modified Joint Plan of Reorganization For Iron Industries and Action Equipment Rentals Dated September 21, 2011* ("the Plan") on September 28, 2011 on all creditors and interested parties. All classes of claims that voted have accepted the Plan except for Classes Twenty-Two, Twenty-Eight, and Twenty-Nine, that constitute the claims held by People's Capital and Leasing – Class 22 (Peoples") and Caterpillar Financial Services – Classes 28 and 29 ("Caterpillar"). In addition, Wells Fargo Financial Leasing –Class 14, Wells Fargo Equipment Finance – Class 13, and Hitachi Capital America – Class 17 objected to confirmation of the Plan.

Debtors have agreed to modify the Plan as more fully described below in order to resolve the objection to confirmation of the Plan filed by Wells Fargo Financial Leasing, Wells Fargo Equipment Finance and Hitachi. Wells Fargo Financial Leasing, Wells Fargo Equipment Finance, Hitachi and Debtors have agreed to a modification to the Plan that will resolve the objections. Wells Fargo Financial Leasing, Wells Fargo Equipment Finance and Hitachi have agreed to withdraw their objections so long as Debtors modify the Plan as more fully described below.

Additionally, Debtors have agreed to modify the Plan as more fully described below in order to modify the treatment provided in the Plan concerning the Class Eight Claim held by CNH Capital. CNH Capital has not filed a formal objection to the confirmation of the Plan so long as Debtors modify the Plan as more fully described below.

Debtors have attempted to negotiate with Caterpillar regarding an agreement to modify the Plan that would allow Caterpillar to accept the Plan. However, no agreement can be reached and Debtors will seek confirmation of the Plan notwithstanding the rejection of the Plan by Caterpillar using the cram down provision set forth in 11 USC 1129(b). Debtors intend to file a Motion to Value the Claim Held by Caterpillar so that the Court can determine the appropriate value of the secured claim held by Caterpillar.

Debtors are negotiating with Peoples regarding an agreement to modify the Plan that would allow Peoples to accept the Plan. Peoples and Debtors continue to work to finalize the terms and language of a modification to the Plan to which both parties can agree. Peoples and Debtor hope to agree to the final terms and language of the Plan before the hearing on confirmation set for November 9, 2011. However, if agreement is not reached Debtors will seek confirmation of the Plan notwithstanding the rejection of the Plan by Peoples using the cram down provision set forth in 11 USC 1129(b). Also, if an agreement cannot be reached with Peoples, Debtors will file a Motion to Value the Claim Held by Peoples so that the Court can determine the appropriate value of the secured claim held by Peoples.

All other requirements of 11 U.S.C. § 1129 have been met with respect to the Plan. Thus, the Court should find that the Plan meets the requirements of 11 U.S.C. §§ 1129(a) and (b) and the Plan should be confirmed.

## II. SUMMARY OF VOTES

Debtors seek confirmation of the Plan under which they will manage their affairs and satisfy the claims held by their creditors after confirmation of the Plan. The following is a summary of the votes with respect to each class of claims set forth in the Plan.

### A. Impaired Classes

The Plan has been accepted by the following classes of claims:

| | |
|---|---|
| CLASS FOUR | WESTAMERICA BANK |
| CLASS SIX | FPC FINANCIAL |
| CLASS EIGHTEEN | DIVERSIFIED FINANCIAL SERVICES |
| CLASS NINETEEN | DEVERSIFIED FINANCIAL SERVICES |
| CLASS TWENTY | STERNS BANK |
| CLASS TWENTY-ONE | STERNS BANK |
| CLASS TWENTY-FIVE | PNC EQUIPMENT FINANCE |
| CLASS TWENTY-SIX | SACRAMENTO LEASING |
| CLASS THIRTY | EQ ACQUISITION/IRWIN FINANCIAL |
| CLASS THIRTY-THREE | GEHL COMPANY |

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

| | | |
|---|---|---|
| 1 | CLASS THIRTY-FOUR | GEHL COMPANY |
| 2 | CLASS THIRTY-FIVE | COLONIAL PACIFIC LEASING |
| 3 | CLASS THIRTY-SIX | COLONIAL PACIFIC LEASING |
| 4 | CLASS THIRTY-SEVEN | BANC OF AMERICA LEASING |
| 5 | CLASS THIRTY-EIGHT | BANC OF AMERICA LEASING |
| 6 | CLASS FORTY-ONE | BALBOA CAPITAL |
| 7 | CLASS FORTY-TWO | DCFS USA LLC |
| 8-9 | CLASS FORTY-THREE | IRON'S GENERAL UNSECURED CREDITORS WITH CLAIMS $5,000 OR LESS |
| 10-11 | CLASS FORTY-FOUR | ACTION'S GENERAL UNSECURED CREDITORS WITH CLAIMS $5,000 OR LESS |
| 12-14 | CLASS FORTY-FIVE | IRON'S GENERAL UNSECURED CREDITORS WITH CLAIMS GREATER THAN $5,000 |
| 15-17 | CLASS FORTY-SIX | ACTION'S GENERAL UNSECURED CREDITORS WITH CLAIMS GREATER THAN $5,000 |
| 18 | CLASS FORTY-NINE | IRON'S CLAIMS AGAINST ACTION |
| 19 | CLASS FIFTY | ACTION'S CLAIMS AGAINST IRON |
| 20 | CLASS FIFTY-ONE | ROBERT MOFFITT |

The Plan has been rejected by the following classes of claims:

| | | |
|---|---|---|
| CLASS TWENTY-TWO | PEOPLES |
| CLASS TWENTY-EIGHT | CATERPILLAR |
| CLASS TWENTY-NINE | CATERPILLAR |

The Plan provides for the following classes that did not return ballots:

| | | |
|---|---|---|
| CLASS THREE | DE LANGE |
| CLASS SEVEN | BRANCH BANK & TRUST CO. |
| CLASS EIGHT | CNH CAPITAL |

| | | |
|---|---|---|
| 1 | CLASS NINE | LEAF FUNDING |
| 2 | CLASS TEN | M&T BANK |
| 3 | CLASS ELEVEN | TENNESSEE COMMERCE BANK |
| 4 | CLASS TWELVE | TENNESSEE COMMERCE BANK |
| 5 | CLASS THIRTEEN | WELLS FARGO EQUIPMENT FINANCE |
| 6 | CLASS FOURTEEN | WELLS FARGO FINANCIAL LEASING |
| 7 | CLASS FIFTEEN | FORD MOTOR CREDIT |
| 8 | CLASS SIXTEEN | FORD MOTOR CREDIT |
| 9 | CLASS SEVENTEEN | HITACHI |
| 10 | CLASS TWENTY-THREE | GENERAL ELECTRIC CAPITAL CORP |
| 11 | CLASS TWENTY-FOUR | GENERAL ELECTRIC CAPITAL CORP |
| 12 | CLASS TWENTY-SEVEN | SACRAMENTO LEASING |
| 13 | CLASS THIRTY-ONE | FINANCIAL PACIFIC LEASING |
| 14 | CLASS THIRTY-TWO | BANK OF THE WEST/TRINITY |
| 15 | CLASS THIRTY-NINE | KRAUSE ANDERSON CAPITAL |
| 16 | CLASS FORTY | U.S. BANCORP BUSINESS EQUIPMENT |

The Plan provides for Class Two claims which are non-administrative priority claims, which class has no creditors.

B. **Unimpaired Classes**

The following classes are unimpaired and are deemed to have accepted the Plan; although they may or may not have return ballots:

| | | |
|---|---|---|
| | CLASS ONE | ADMINISTRATIVE CLAIMS |
| | CLASS FIFTY-TWO | EXECUTORY CONTRACTS |
| | CLASS FIFTY-THREE | DEBTORS' PRINCIPALS |

C. **Classes That Rejected the Plan**

Caterpillar – Classes 28 and 29 and Peoples – Class 22 rejected the Plan. Debtors hope to resolve Peoples concerns and modify the Plan in a manner that will be acceptable to Peoples. If Peoples and Debtors are not able to finalize an agreement regarding a modification of the

Plan that will resolve the disputes between them, Debtors will seek confirmation of the Plan under the "cram down" provisions included in 11 U.S.C. § 1129(b)(2)(A). Furthermore, Debtors will file a Motion to Value the claims held by Caterpillar and Peoples so that the Court can determine the proper amount of the secured claims held by these creditors.

### D. Classes Not Returning Ballots

De Lange, Branch Bank & Trust, CNH Capital, Leaf Funding, M&T Bank, Tennessee Commerce Bank, Ford Motor Credit, General Electric Capital Corporation, Sacramento Leasing, Financial Pacific Leasing, Colonial Pacific Leasing, Bank of the West/Trinity Krause-Anderson Capital, and U.S. Bancorp Business Equipment did not return ballots nor did they object to confirmation of the Plan. However, the plan is fair and equitable as to these claims under 11 U.S.C. § 1129(b)(2)(A)(i) because (1) the creditors will retain their liens and (2) the value they will receive on upon confirmation exceeds the value of their interests in the property of the estate, as of the effective date of the Plan. This is true because the creditors will be paid the full amount of their secured claims with 8% interest over a 5-year period.

## III. OBJECTIONS TO CONFIRMATION

### A. OBJECTIONS FILED BY WELLS FARGO EQUIPMENT FINANCE ("WFEF")

WFEF filed an objection to confirmation. However, WFEF and Debtors have agreed to resolve the objection with a modification summarized as follows:

 a. the estimated deficiency balance for the Class 13 Claim will be changed to $293,555.48;
 b. Section 12.02 will reflect that the Class 13a Claim is a secured indebtedness of both Debtors as that if a default in payment occurs by either Debtor, that WFEF can seek reimbursement from the other Debtor; and
 c. Debtors shall remit a catch up payment to WFEF on the Class 13 Claim in the amount of 5,626.71 within thirty days of confirmation of the Plan.

### B. OBJECTION FILED BY HITACHI CAPITAL AMERICA CORP ("HITACHI")

Hitachi filed an objection to confirmation. However, Hitachi and Debtors have agreed to resolve the objection with a modification summarized as follows:

a. Action will be responsible for the payment of the Class 17 Claim, and

b. The title of the Class 17 will be changed to be entitled "Secured Claims of Hitachi Capital America against certain items of Iron's and Action's personal property."

C. **OBJECTIONS FILED BY WELLS FARGO FINANCIAL LEASING ("WFFL")**

WFL objected to confirmation because Debtor, Action Equipment Rentals, informed WFFL that it intended to retain the equipment described in Class 14c Claim that was to be surrendered according to the Plan. However, WFFL and Debtors have agreed to resolve the objection with a modification summarized as follows:

a. The WFFL collateral which secured repayment of the Class 14c Claim is valued at $27,500.00;

b. The Class 14c Claim shall accrue interest at the rate of 8% and shall be amortized and paid over a period of four years commencing in October 2011;

c. The total Class 14 Claim held by WFFL shall be $95,000 and the deficiency balance shall be estimated at $49,027.95.

D. **MODIFICATION TO CLASS EIGHT CLAIM OF CNH CAPITAL**

Debtors have agreed to modify the Class Eight Claim to make the following corrections:

a. The total amount of the Class Eight Claim will be $100,475.84;

b. The secured portion of the Class Eight Claim will be $97,850.00 and the estimated deficiency will be $2,625.84; and

c. The amount of the claim amount for 8a will be $58,723.14.

**IV. THE PLAN SATISFIES ALL OF THE REQUIREMENTS OF 11 U.S.C. § §1129(a) and (b) AND SHOULD BE CONFIRMED**

11 U.S.C. § 1129 ("Section 1129") sets forth the requirements that must be satisfied before a Plan of Reorganization can be confirmed. Generally, all the requirements of Section 1129(a) must be satisfied before a Plan can be confirmed. In the present case, the Plan satisfies

all the requirements of Section 1129(a) and (b). Section 1129(a) provides that the court can confirm a plan of reorganization if the following requirements are met:

1. **The plan complies with the applicable provisions of Title 11.**

Debtors believe that the Plan complies with the provisions of the Bankruptcy Code and satisfies the requirements of Section 1129(a)(1).

2. **Debtors comply with the applicable provisions of Title 11.**

Debtors believe that they have complied with the provisions of the Bankruptcy Code and that the Plan satisfies the requirements of Section 1129(a)(2). Accordingly, both the Debtors and the Plan have complied with 11 U.S.C. Section 1129(a)(2).

3. **The plan has been proposed in good faith and not forbidden by law.**

The Plan has been proposed in good faith and not by any means forbidden by law and, therefore, complies with Section 1129(a)(3). Cases have held that a plan is filed in "good faith" if the Plan will achieve a result consistent with objectives and purposes of the Bankruptcy Code. *See In re Stolrow's, Inc.*, 84 BR 167, 172 (9th Cir. BAP 1991). The Plan satisfies this requirement because the Plan promotes two of the primary objectives of Chapter 11: (1) the resolution of disputes and (2) payment to creditors. *See In re Kemp*, 134 BR 413, 415 (Bankr. ED Cal. 1991). Here, Debtors' Plan allows for repayment in full, with interest, of all of its secured claims. It also provides for a distribution to allowed claims of Debtors' general unsecured creditors. Therefore, this provision is satisfied.

4. **Any payment made or to be made by the proponent, by the debtors, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan incident to the case, has been approved by, or is subject to approval of, the court as reasonable.**

The Plan complies with the requirement of Section 1129(a)(4). The employment of professionals for Debtors was approved by the Bankruptcy Court and the Plan provides for the payment of administrative expenses consistent with requirements of the Bankruptcy Code.

**5.** **(A)(i) The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as director, officer, or voting trustee of the debtors, and affiliate of the debtors participating in a joint plan with the debtor or successor to the debtor under the plan; and**

**(ii) The appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and**

**(B) the proponent of the plan has disclosed the identity of any insider that will be employed by the reorganized debtors, and the nature of any compensation for such insider.**

The Plan provides that Debtors' partners including Charles Emanuel, Robert Moffitt, Scott McCoy and Ron Silveira will continued to operate and manage the Debtors' businesses and affairs and implement the Plan after the Plan is confirmed. Moreover, Debtors have met the disclosure requirements of this provision in the Disclosure Statement and discusses post-petition management and employment of insiders. Therefore, Debtors believe the requirements of Section 1129(a)(5) have been satisfied.

6. 11 U.S.C. Section 1129(a)(6) deals with government regulatory commissions with jurisdiction over the "rates of the debtor" and is not applicable to Debtors' Plan.

**7.** **With respect to each impaired class of claims or interests:**

**(A) each holder of a claim or interest of such class –**

**(i) has accepted the plan; or**

**(ii) will receive or retain under the plan on account of such claim or interest of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7 of this title on such date.**

All classes have accepted the Plan with the exception of Caterpillar and Peoples, which hold secured claims, and the Classes described in Paragraph 2D (no ballots). Section 1129(a)(7) contains what is called the "best interest of creditors" test. See *Kane v. Johns-*

35W2791  9

*Manville Corp*, 843 F.2d 636, 649 (2d Cir. 1988). This test requires that the holder of a claim or interest in each impaired class must accept the Plan or receive or retain property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7. *See Id.*

The Plan satisfies the "best interests of creditors" test because the Plan provides for payment to unsecured creditors in an amount equal to or over what they would receive in a Chapter 7 proceeding. As to secured classes of claims that have not accepted the Plan, the Plan provides that each holder of a secured claim will receive on upon confirmation of the Plan property of a value that is not less than the value of each such holder's interest in the property of the estate, as of the effective date of the Plan.

As more fully set forth in Debtors' liquidation analysis in its Disclosure Statement, Debtors believe that unsecured creditors would have received little to nothing on their unsecured claims under Chapter 7 because secured creditors would have retained their pre-petition liens and would have liquidated their collateral in a manner that would not yield proceeds for general unsecured creditors. Based on the foregoing, Debtors believe that Section 1129(a)(7) has been satisfied.

8. **With respect to each class of claims or interests-**
   (A) **such class has accepted the Plan or**
   (B) **such class is not impaired under the Plan.**

Each of the classes of claims that have returned Ballots has accepted the Plan except for Caterpillar and Peoples. Debtors have calculated acceptance of the Ballots for the returned Ballots. These calculations are reflected in the *Worksheet Regarding Acceptance of Second Modified Joint Plan of Reorganization For Iron Industries and Action Equipment Rentals Dated September 21, 2011* prepared for Debtors' cases and filed concurrently herewith. In other words, the requirements of Section 1129(a)(8) have not been satisfied. As discussed above, Debtors will seek confirmation of the Plan under Section 1129(b)(2)(A) if an agreement cannot be reached with Caterpillar and Peoples.

///

**9.    11 U.S.C. Section 1129(a)(9) provides that all priority claims must be paid in full within the time frames provided in subsection (a)(9).**

The Plan provides for payment in full of all priority claims on or before the effective date of the Plan, or within a time that is acceptable to priority claimants, or after court approval if court approval is required. Therefore, the Plan satisfies Section 1129(a)(9).

**10.    If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider.**

Debtors have obtained the acceptance of at least one class of claims that are impaired under the Plan and are not insiders. Twenty-two impaired classes voted have accepted the Plan, none of which are insider classes. Accordingly, the requirements of Section 1129(a)(10) have been satisfied.

## V.    THE PLAN HAS MET THE REQUIREMENTS OF SECTION 1129(a)(11) BECAUSE IT IS FEASIBLE

Section 1129(a)(11) provides that a plan must be feasible before the Plan can be confirmed. A plan meets this standard if it "offers a reasonable prospect of success and is workable." *In re Patrician St. Joseph Partners, Ltd.*, 169 B.R. 669, 674 (D. Ariz. 1994). The purpose of the requirement of Section 1129(a)(11) is to protect against "visionary schemes." *In Re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985). However, "the prospect of financial uncertainty does not defeat plan confirmation on feasibility grounds since a guarantee of the future is not required." *In re Patrician St. Joseph Partners, Ltd.*, 169 B.R. at 674. The *In re Patrician* court's statement is in accord with Ninth Circuit law in this area, which provides that what is required of a plan proponent is the presentation of evidence that demonstrates that the plan has a reasonable probability of success. *In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986). The burden of proof a plan proponent must meet to demonstrate the confirmability of a plan under 11 U.S.C. §§ 1129(a) and (b) is the preponderance of the evidence standard. *In re Arnold and Baker Farms*, 177 B.R. 648, 654 (9th Cir. BAP 1994), affirmed, 85 F.3d 1415 (9th Cir. 1996).

Debtors have provided ample evidence that the Plan is far from a "visionary scheme" and instead is a workable plan that has a reasonable prospect for success. The income from the continued operation of the businesses is the primary source by which creditors will be paid under the Plan. During these cases, Debtors have made several adjustments to their business and operations that have increased Debtors' profitability. Debtors' budgets and analysis are contained in the Disclosure Statement and the Exhibits thereto. Debtors believe that the budgets and projections are accurate and reasonable. Debtors believe, therefore, that the requirements of this provision have been met.

## VI. THE OTHER REQUIREMENTS OF SECTION 1129(a) ARE MET

(a)(12): As set forth in the Declaration of Robert Moffitt, all required fees have been or will be paid by the Debtors.

(a)(13): Debtors do not provide retiree benefits. Therefore, this provision is inapplicable.

(a)(14): This provision relates to individuals and, therefore, is not applicable to Debtors.

(a)(15): This provision also relates to individuals and, therefore, is not applicable to Debtors.

(a)(16): Debtors believe its is in compliance with Section 1129(a)(16) in that any transfers contemplated under the Plan have been or will be made in compliance with applicable non-bankruptcy law.

## VII. THE "CRAM-DOWN" REQUIREMENTS OF 1129(b)(1)(2)(A) ARE SATISFIED

The Plan can be "crammed down" on each impaired class that did not vote to accept the Plan. As noted above, neither Peoples nor Caterpillar, representing three secured classes of creditors, voted to accept the Plan.

A plan may be confirmed notwithstanding the failure of a class of secured creditors to vote to accept the Plan, as long as the Plan does not discriminate unfairly and is fair and equitable. Section 1129(b). A plan may be fair and equitable to a secured creditor as long as it provides that the creditor retain its liens and receive the present value of its secured claim in deferred payments. Section 1129(b)(2)(A). The treatment of the Class 22 claim held by

Peoples, and the Class 28 and 29 claims held by Caterpillar is fair an equitable in that the two secured creditors shall retain their liens against the property serving as their respective collateral, and they will receive the present value of their secured claims. To the extent that current disagreements over the value of the collateral held by each of these two holders of secured claims is not resolved by stipulation, the Debtors will file motions to value the collateral and ask the Court to determine value. Caterpillar and Peoples will each be paid monthly payments over sixty months at eight percent (8%) per annum according to the schedules attached to the Disclosure Statement.

The Plan may be confirmed under Section 1129(b)(2)(A) despite Peoples and Caterpillar votes against it.

## VIII. CONCLUSION

Debtors requests that the Court confirm the *Second Modified Joint Plan of Reorganization For Iron Industries and Action Equipment Rentals Dated September 21, 2011* with the modification agreed to between the Debtors and Wells Fargo Equipment Finance, Wells Fargo Financial Leasing, Hitachi, and CNH Capital and any agreement that may be reached with Peoples, for the reasons given above.

Date: October 26, 2011

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Hagop T. Bedoyan
HAGOP T. BEDOYAN, ESQ.
CHRISTIAN JINKERSON, ESQ.
Attorneys for Debtors-in-Possession